**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

ALINA ELENA SANCHEZ-GILLY,      )
                                      )
          Petitioner,            )
                                      )
v.                                )     Case No. CIV-26-139-J
                                    )
KRISTI NOEM, et al.,            )
                                    )
          Respondents.      )

## ORDER

Petitioner Alina Elena Sanchez-Gilly, a noncitizen from Venezuela, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Maxfield issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part; (2) order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven business days or otherwise release him; and (3) order Respondents to certify compliance by filing a status report within ten days of the Court's order [Doc. No. 10]. The parties were advised of their right to object to the Report and Recommendation by March 6, 2026. *Id.* at 21. Respondents filed a timely objection [Doc. No. 11] and Petitioner filed a partial objection [Doc. No. 12]. For the reasons discussed below, the Report and Recommendation is ADOPTED and the Petition is GRANTED to the extent it alleges Petitioner's lack of a bond hearing violates federal law.

### I.    Background

The essential facts are undisputed. Petitioner entered the United States on August 7, 2021 and has been living in Bedford, Texas [Doc. No. 1 ¶¶ 21, 25, 27]. Petitioner was later examined by Immigration and Customs Enforcement (ICE), placed in removal proceedings, and then granted

"an Order of Release and Recognizance" after ICE "exercised discretionary authority under § 1226(a)" to release Petitioner. *Id.* ¶ 24. Petitioner filed a Form I-589 asylum application claiming persecution in her home country. *Id.* ¶ 26; [Doc. No. 8 at 2, 7–8]. Petitioner alleges she has no criminal convictions, is not a flight risk, and is not a danger to society [Doc. No. 1 ¶¶ 24, 27]. Nonetheless, on January 5, 2026, she was re-detained at an ICE Field Office in Dallas, Texas "without an opportunity to post bond or be released under other conditions." *Id.* ¶¶ 14, 28; [Doc. No. 8 at 7]. While detained at the Diamondback Correctional Facility in Watonga, Oklahoma, Petitioner filed her Petition, asserting that her continued detention without a bond hearing violates the Immigration and Nationality Act (INA) and her Fifth Amendment due process rights [Doc. No. 1 ¶¶ 1, 7; Doc. No. 8 at 7].[1]

## II.    Standard of Review

### A.    Respondents' Objection

Although it was timely filed, Respondents' objection does not trigger de novo review. An objection that merely reiterates arguments previously presented to the magistrate judge, or that expresses general disagreement with the recommendation, is insufficient to require de novo review. *E.g., Valle v. Jones*, No. CIV-25-1161-J, 2025 WL 3488290, at *2 (W.D. Okla. Dec. 4, 2025) (collecting cases); *see also Cisneros v. Gomez*, No. CIV-21-825-PRW, 2023 WL 2543435, at *1 (W.D. Okla. Mar. 16, 2023) ("An objection that merely reargues the underlying motion is little different than an objection that simply refers the District Court back to the original motion papers; both are insufficiently specific to preserve the issue for de novo review.") (citation modified). Here, Respondents concede the "objection expressly reasserts . . . arguments set forth

---

[1] Because the Court grants Petitioner relief, it declines to address her constitutional claim.

in the Response" and that the objection was "filed to preserve arguments for appeal" [Doc. No. 11 at 1].

### B. Petitioner's Objection

By contrast, Petitioner's partial objection triggers de novo review because it is specific and does not merely parrot arguments raised in prior filings. *Valle*, 2025 WL 3488290, at *2. However, Petitioner's objection requires little discussion because a district court is not obligated to adopt the precise remedy requested in the Petition and may decline to decide the merits of remaining claims as it deems appropriate. 28 U.S.C. § 636(b)(1); *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okl.*, 8 F.3d 722, 724 (10th Cir. 1993) (noting brevity in the Court's order does not equate to a failure to engage in de novo review); [Doc. No. 10 at 20].

Petitioner's objection is two-fold: (1) Judge Maxfield recommends a seven-day deadline for a bond hearing rather than the five-day period requested in the Petition; and (2) Judge Maxfield declined to address Petitioner's Fifth Amendment Due Process claim, leaving it unresolved and potentially waived [Doc. No. 12 at 1]. Neither issue alters the Court's ultimate disposition. With respect to timing, the Court agrees with Judge Maxfield that a seven-day period is appropriate under the circumstances. As to the due process claim, because the Court grants relief on the grounds identified in the Report and Recommendation, it need not reach Petitioner's alternative constitutional theory.

### III.    Analysis

Having addressed Petitioner's objection and having determined that Respondents' objection did not trigger de novo review, the Court reviews Judge Maxfield's Report and Recommendation only to "confirm that there is no clear error on the face of the record." *Barnett*

*v. Okla. State Reformatory*, No. CIV-25-248-J, 2025 WL 2205827, at *1 (W.D. Okla. Aug. 4, 2025).

With that review, the Court ADOPTS the thorough and well-reasoned Report and Recommendation. Additionally, even if the Court engaged in de novo review considering the statutory arguments raised in Respondents' objection, it would agree with Judge Maxfield that—consistent with the majority of Judges in this District—the Court has jurisdiction to consider the Petition and § 1226, rather than § 1225, applies to Petitioner. *See* [Doc. No. 10]. Notably, Judge Maxfield deployed an exhaustive array of tools available in judicial endeavors to parse statutory text, including the text itself, plain meaning, titles, place in the overall statutory scheme, legislative history, recent amendment via the Laken Riley Act, canons of construction such as the rule against surplusage, and the Bureau of Immigration Appeal's current and historical interpretations. *Id.*

## IV.    Conclusion

For the reasons above, the Report and Recommendation [Doc. No. 10] is ADOPTED and Petitioner's Petition for Writ of Habeas Corpus is GRANTED in so far as it finds Respondents violated the INA. Accordingly, the Court ORDERS Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) or otherwise release Petitioner within seven days of this Order's date. Respondents shall also certify compliance within ten business days of this Order's date.

A separate judgment will enter.

IT IS SO ORDERED this 10th day of March, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE